## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ROBIN NOEL GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  CIV-24-00456-JD |
| | ) | |
| OKLAHOMA GAS & ELECTRIC | ) | |
| COMPANY; and ILZE LONG, | ) | |
| in her individual capacity and in her | ) | |
| official capacity as Manager of Planning | ) | |
| and Optimization for Power Supply, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendants Oklahoma Gas & Electric Company and Ilze

Long's (collectively "Defendants") Motion to Dismiss ("Motion"). [Doc. No. 7]. Plaintiff

Robin Noel Green ("Plaintiff") filed a Response [Doc. No. 13], and Defendants filed a

Reply. [Doc. No. 15]. For the reasons outlined below, the Court grants in part and denies

in part the Motion.

## I.    BACKGROUND[1]

On May 6, 2024, Plaintiff, proceeding pro se, filed a complaint against

Defendants. [Doc. No. 1]. Plaintiff's claims arise from her employment at Defendant

Oklahoma Gas & Electric Company ("OGE"). [Doc. No. 1-1 at 1].[2] Defendant Ilze Long

---

[1] The Court recounts the facts based on the well-pled allegations in Plaintiff's complaint and construes them in the light most favorable to Plaintiff. *See Serna v. Denver Police Dep't*, 58 F.4th 1167, 1169 n.1 (10th Cir. 2023).

[2] The Court uses CM/ECF page numbering from the top of docket filings.

("Long") was Plaintiff's supervisor beginning in February 2022. [*Id.*].

Plaintiff began working for OGE in January of 1997. [*Id.*]. She was diagnosed with glaucoma in February 2002, which resulted in numerous surgeries. [*Id.*]. Plaintiff's condition and the resultant surgeries impacted her ability to work because she has a sensitivity to light. [*Id.*]. Plaintiff states that, in 2002, she notified her supervisor of her condition and that her supervisor agreed to allow her to work within the limits and recommendations advised by Plaintiff's treating physician which included "split shifts." [Doc. No. 1-3 at 1].

Since 2016, Plaintiff has worked Mondays through Thursdays, from 8:00 a.m. to 6:30 p.m. [Doc. No. 1-1 at 1].

In May 2022, Plaintiff submitted an accommodation request in connection with her condition. [Doc. No. 1-3 at 1].

In May 2022, Plaintiff received a final, written warning issued by Long. [Doc. No. 1-1 at 1]. The basis for the warning was that Plaintiff was working outside of her shift and failing to perform her job in accordance with instructions from Long that Plaintiff perceived to be not required by company policy. [*Id.*]. Plaintiff responded to the final, written warning in a letter. [*Id.*, Doc. No. 13-5]. Plaintiff alleges that, after she responded to the final, written warning, she began to experience "discrimination, harassment, and retaliation." [Doc. No. 1-1 at 1].

In October 2022, Long and Human Resources informed Plaintiff that she could no longer only work Mondays through Thursdays and that she would now have to work on Fridays. [*Id.*]. Plaintiff alleges her Monday-through-Thursday work schedule was part of

her accommodation and that she had scheduled medical treatments for her aunt on Fridays. [*Id.*].

Plaintiff filed an Amended Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 31, 2023, listing the basis for discrimination as "Disability, Race, [and] Retaliation." [Doc. No. 1-3 at 1]. Therein, Plaintiff alleges, since submitting her accommodation request, she was "harassed and discriminated against" in the following ways:

> My work has been overly scrutinized, I have been left off of office wide communications, and I have recently had my work schedule changed, which changes the terms of my written reasonable accommodation. I have been denied my mid-year and end of year performance evaluation, which resulted in me not getting my annual pay increase.

[*Id.*]. In addition, Plaintiff states she is eligible for retirement in two years and that Defendants are interfering with her ability to reach retirement. [Doc. No. 1-1 at 2].

In Defendants' Motion, they interpret Plaintiff's complaint to assert the following claims: (1) discrimination under Title VII, (2) discrimination under the Age Discrimination in Employment Act ("ADEA"), (3) discrimination under the American with Disabilities Act ("ADA"); (4) failure to accommodate under the ADA; (5) retaliation; and (6) harassment. [Doc. No. 7 at 8]. Plaintiff does not dispute Defendants' interpretation of her claims. The Court further construes Plaintiff's complaint as asserting claims for retaliation under Title VII, the ADEA, and the ADA, and the Court construes Plaintiff's claim for "harassment" as claims for hostile work environment. Accordingly, Plaintiff's claims include the following:

- Title VII claim for gender discrimination, retaliation, and hostile work environment;

- Title VII claims for racial discrimination, retaliation, and hostile work environment;

- ADEA claims for discrimination, retaliation, and hostile work environment; and

- ADA claims for discrimination, retaliation, hostile work environment, and failure to accommodate.

Defendants move to dismiss Plaintiff's claims on multiple grounds. First, Defendants request dismissal for Plaintiff's failure to comply with Federal Rule of Civil Procedure 8. [*Id.* at 10–11]. Second, Defendants argue Plaintiff fails to state a claim because she did not exhaust her administrative remedies with respect to her ADEA claims or claims based on gender under Title VII. [*Id.* at 12–15]. Third, Defendants state Plaintiff fails to state claims for discrimination or retaliation because she has not pled facts sufficient to demonstrate she experienced an adverse employment action. [*Id.* at 15–18]. Fourth, Defendants claim Plaintiff fails to state an accommodation claim because the requested accommodation was unrelated to her disability. [*Id.* at 19–20]. Fifth, Defendants argue Plaintiff's allegations of discrimination do not amount to hostile work environment claims. [*Id.* at 20–22]. Finally, Defendants claim Plaintiff has failed to state a claim against Long because the ADA, ADEA, and Title VII do not provide for individual liability. [*Id.* at 22–23].

## II.    <u>LEGAL STANDARDS</u>

### A.    **Standard for pro se litigants like Plaintiff**

Because Plaintiff is proceeding pro se, the Court must construe her pleadings

4

"liberally" and hold them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam)). However, the Court may not "assume the role of advocate for the pro se litigant." *Id.* If the Court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id.*

Nonetheless, Plaintiff must follow the Federal Rules of Civil Procedure, which govern other litigants in civil actions pending in federal court. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that pro se parties must follow the same rules as other litigants). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Nor can the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

### B.    Standard of review for failure to comply with Fed. R. Civ. P. 8(a)

In accordance with Federal Rule of Civil Procedure 8(a)(2), Plaintiff's complaint "must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." "While the pleading standard Rule 8 announces does not require detailed factual allegations, the complaint must contain enough allegations of fact, taken

as true, to state a claim to relief that is plausible on its face." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1195 (10th Cir. 2018) (internal quotation marks and citations omitted). The purpose of the complaint is to provide Defendants with notice of Plaintiff's allegations and to allege facts, if taken as true, to provide a basis for a claim upon which relief can be granted. *Whitehead v. Shafer*, 295 F. App'x 906, 908 (10th Cir. 2008) (unpublished).

### C.    Standard of review for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a complaint does not need detailed factual assertions, a pleading that offers only "labels and conclusions" or "pleads facts that are merely consistent with a defendant's liability" will not suffice. *Id.* (internal quotation marks and citations omitted). The burden is on the plaintiff to plead factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In evaluating a Rule 12(b)(6) motion, the Court accepts all well-pled factual allegations as true and views the allegations in the light most favorable to the nonmoving party. *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). Conclusory statements, however, are not entitled to the assumption of truth, and courts are free to disregard them.

*Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

The Court must address what the Court can properly consider when deciding Defendants' Motion under Rule 12(b)(6). Plaintiff asserted facts in her Response that she had not previously asserted. [Doc. No. 13]. She also attached exhibits to her response that she did not attach to her complaint. [*See id.*]. It is well-established that, when deciding a motion to dismiss, the Court must consider whether the facts alleged *in the complaint* state a claim upon which relief can be granted. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (stating that "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted"). If the Court considers matters outside the complaint, it may transform Defendants' Motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d). The Court, therefore, must specifically outline what is excluded from its consideration. *Miller*, 948 F.2d at 1565 (explaining that "if matters outside the complaint are presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss").

Although courts sometimes allow the introduction of additional facts in a response to a motion to dismiss when they are consistent with the complaint, the Court declines to do so here because of the volume of additional facts alleged by Plaintiff. *See Carson v. Cudd Pressure Control, Inc.*, 299 F. App'x 845, 848 (10th Cir. 2008) (unpublished) (stating that "[t]his court has noted that 'it might be appropriate for a court to consider additional facts or legal theories asserted in a response brief to a motion to dismiss if they

7

were consistent with the facts and theories advanced in the complaint'") (quoting *Hayes v. Whitman*, 264 F.3d 1017, 1025 (10th Cir. 2001)). Accordingly, the Court only considers the factual allegations in Plaintiff's complaint.

Turning to which documents the Court considers in addition to the complaint, the Court may properly consider the documents Plaintiff attached to her complaint. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011). In addition to documents attached to the complaint itself, the Court may consider documents referenced in the complaint. *See id.* "[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Accordingly, the Court considers the following documents in deciding Defendants' Motion. The Court considers all documents submitted by Plaintiff as part of her complaint, including (1) Plaintiff's Complaint for a Civil Case, filed May 6, 2024 [Doc. No. 1]; (2) Plaintiff's Statement of Claim [Doc. No. 1-1]; (3) Plaintiff's Complaint for Employment Discrimination [Doc. No. 1-2]; (4) Plaintiff's Amended Charge of Discrimination filed with the EEOC [Doc. No. 1-3]; (5) the EEOC's Determination and Notice of Rights [Doc. No. 1-4]; and (6) Plaintiff's Civil Cover Sheet [Doc. No. 1-5]. In addition, the Court considers the following documents referenced by Plaintiff's complaint that are central to Plaintiff's claims:

> (1)    the ADA Request and Accommodation plan for Plaintiff by OGE, referenced in Plaintiff's complaint [Doc. No. 1-1 at 1] and attached to Plaintiff's Response [Doc. No. 13-1];

(2)   the Performance Correction Notice attached to Plaintiff's Response, which is the final, written notice Plaintiff references throughout her complaint [Doc. No. 13-4];

(3)   Plaintiff's written response to the Performance Correction Notice, which Plaintiff also references in her complaint [*see* Doc. No. 1-1 at 1] and is attached to Plaintiff's Response [Doc. No. 13-5]; and

(4)   Plaintiff's accommodation request, which Plaintiff references in her complaint [*see* Doc. No. 1-1 at 1] and is attached to Plaintiff's Response [Doc. No. 13-6].

All other documents attached to Plaintiff's Response are stricken from the record, including Exhibit 2 [Doc. No. 13-2]; Exhibit 3 [Doc. No. 13-3]; Exhibit 7 [Doc. No. 13-7]; Exhibit 8 [Doc. No. 13-8]; Exhibit 9 [Doc. No. 13-9]; Exhibit 10 [Doc. No. 13-10]; Exhibit 11 [Doc. No. 13-11]; Exhibit 12 [Doc. No. 13-12]; and Exhibit 13 [Doc. No. 13-13].

Accordingly, the Court limits the record to what is contained in or referenced by the complaint and declines to convert Defendants' Motion into one for summary judgment.

## III.   <u>DISCUSSION</u>

### A.   **The Court will not dismiss Plaintiff's complaint for failure to comply with Fed. R. Civ. P. 8(a).**

The Court denies Defendants' request to dismiss Plaintiff's complaint for failure to comply with Federal Rule of Civil Procedure 8(a). [Doc. No. 7 at 10–11]. Rule 8(a) requires Plaintiff's complaint to contain (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a).

Giving Plaintiff's complaint the liberal construction required of a pro se pleading,
the Court does not find Plaintiff's complaint violates Rule 8(a). Despite containing
multiple submissions, Plaintiff's factual allegations are succinct and do not contradict one
another. Plaintiff's complaint is not like the complaint in the case cited by Defendants
[Doc. No. 7 at 11], which was "a 38-page complaint containing 292 paragraphs, plus 120
pages of exhibits." *Schupper v. Edie*, 193 F. App'x 744, 745 (10th Cir. 2006)
(unpublished). Nor is Plaintiff's complaint "overly long, prolix, vague, confusing and
sometimes unintelligible." *Id.* at 746. Plaintiff's complaint is five pages long with
approximately twenty pages of exhibits. [Doc. No. 1].

Plaintiff's allegations are adequate to provide notice of her claims and for the
Court to evaluate whether Plaintiff states a claim upon which relief can be granted. The
Court, therefore, denies Defendants' Motion for failure to comply with Rule 8.

**B.    The Court dismisses Plaintiff's ADEA claims and her claim for gender
discrimination under Title VII for failure to exhaust her administrative
remedies.**

Defendants request that the Court dismiss Plaintiff's claims for gender
discrimination under Title VII and her ADEA claims because Plaintiff failed to exhaust
her administrative remedies on these claims. [Doc. No. 7 at 12–15]. Both Title VII and
the ADEA require a party to exhaust administrative remedies before initiating a lawsuit.
*See, e.g.*, *Asebedo v. Kan. State Univ.*, 559 F. App'x 668, 672 (10th Cir. 2014)
(unpublished) (considering whether administrative remedies were exhausted pertaining to
a Title VII claim); *Sioux v. Target Corp.*, No. CIV-05-0300-HE, 2010 WL 2927373, at *3
(W.D. Okla. July 22, 2010) (analyzing whether administrative remedies were exhausted

regarding an ADEA claim).[3]

To assert Title VII and ADEA claims, Plaintiff should have filed a charge with the EEOC regarding those claims. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1). Plaintiff's EEOC Charge lists the basis of her claims as "Disability, Race, [and] Retaliation." [Doc. No. 1-3 at 1].

Plaintiff's stated bases for discrimination do not include either her gender or age. [*See id.*]. Nor do the underlying factual allegations in Plaintiff's charge support a claim of discrimination based upon gender or age. [*See id.*]. *See Gunnell v. Utah Valley State Coll.*, 152 F.3d 1253, 1260 (10th Cir. 1998) (examining text of charge to determine if "the prose she used to describe her claim" revealed a basis for her lawsuit); *see also Asebedo*, 559 F. App'x at 672 (examining the claimant's narrative statement for support for his claim). Plaintiff does not mention age or gender as a basis for discrimination or retaliation in her narrative statement. [*See* Doc. No. 1-3 at 1]. Rather, she states she has been "discriminated against and retaliated against due to [her] race, Black in violation of Title VII" and "discriminated and retaliated against due to [her] disability in violation of The Americans with Disabilities Act." [*Id.* at 1, 3].

The Court, therefore, determines Plaintiff's EEOC Charge did not include

---

[3] Exhaustion is no longer classified as a jurisdictional prerequisite in the Tenth Circuit. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 & n.10 (10th Cir. 2018). However, dismissal may still be appropriate where the failure to exhaust is apparent from the complaint. *See Cirocco v. McMahon*, 768 F. App'x 854, 857–58 (10th Cir. 2019) (unpublished) ("Although failure to exhaust is now an affirmative defense, it may be raised in a motion to dismiss when the grounds for the defense appear on the face of the complaint.").

Plaintiff's claims based on gender under Title VII or her ADEA claims. It is apparent from the face of Plaintiff's complaint that she did not exhaust her administrative remedies relating to those claims. Accordingly, the Court grants Defendants' request to dismiss Plaintiff's claims based upon gender under Title VII and Plaintiff's ADEA claims.

### C. Plaintiff has pled facts sufficient to allege she was subject to an adverse employment action.

Defendants next argue Plaintiff has failed to state a claim for discrimination and retaliation under Title VII, the ADEA, or the ADA because Plaintiff has not pled facts sufficient to demonstrate an adverse employment action.[4] [Doc. No. 7 at 15–18]. Defendants address four possible grounds from Plaintiff's complaint that could qualify as an adverse employment action—the final, written warning Plaintiff received in May 2022, the change in her work schedule, the requirement that Plaintiff perform a task not mandated by company policy, and the requirement that Plaintiff request permission to use leave or work outside her shift. [*Id.*].

The Tenth Circuit determines whether an adverse employment action occurred on a case-by-case basis taking into consideration the specific factors relevant to the situation. *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir. 1998), *abrogated on other grounds by Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). The Supreme Court recently clarified that an adverse employment action need not be "significant" in order to qualify as such. *Muldrow*, 601 U.S. at 355. Instead, the party asserting discrimination

---

[4] Although the Court has dismissed Plaintiff's ADEA claims in their entirety for failure to exhaust administrative remedies, the Court will continue to address Plaintiff's remaining arguments under the ADEA as alternate grounds for dismissal.

need only show an adverse employment action was a "disadvantageous change in an employment term or condition." *Id.* (internal quotation marks omitted). Pre-*Muldrow*, courts in the Tenth Circuit classified the following as adverse employment actions: "change in employment status, such as hiring, firing, failing to promote, reassignment . . . with different responsibilities, or a decision causing a . . . change in benefits." *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007); *see also E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011); *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1279 (10th Cir. 2010).

Turning first to Defendants' arguments regarding the final, written warning Plaintiff received [Doc. No. 7 at 16], the Court cannot conclude at this stage of the case that the written warning cannot suffice as an adverse employment action. A written warning or reprimand can constitute an adverse employment action "if it adversely affects the terms and conditions of the plaintiff's employment—for example, if it affects the likelihood that the plaintiff will be terminated, undermines the plaintiff's current position, or affects the plaintiff's future employment opportunities." *Medina v. Income Support Div.*, 413 F.3d 1131, 1137 (10th Cir. 2005). The Court's role at the motion to dismiss stage is to determine if Plaintiff's complaint contains allegations amounting to an adverse employment action. *See Twombly*, 550 U.S. at 570.

Plaintiff's complaint contains allegations that the final, written warning affected the likelihood Plaintiff would be terminated because the warning states a possible, negative outcome is termination. [Doc. No. 13-4 at 3]. Additionally, Plaintiff alleges Defendants' actions are affecting her retirement. [Doc. No. 1-1 at 2]. At the motion to

dismiss stage, and considering Plaintiff is proceeding pro se, these allegations are sufficient to amount to an adverse employment action. *See, e.g.*, *Everett v. Murphy*, No. CIV-15-372-FHS, 2016 WL 5376190, at *2 (E.D. Okla. Sept. 26, 2016) (concluding the following was sufficient to allege an adverse employment action at the motion to dismiss stage: "Plaintiff has pled, however, that her job duties were altered and that she was not allowed to make informed decisions regarding personnel certification and qualification decisions, thereby preventing her from meeting or exceeding the performance goals on her evaluation.").

Because the Court concludes Plaintiff has alleged at least one adverse employment action sufficient to support her claims, the Court does not address the other potential grounds for an adverse employment action raised in Defendants' Motion.[5]

### D.    Plaintiff has alleged sufficient facts to allege Defendants failed to accommodate her disability.

Defendants next assert Plaintiff has failed to state a claim for failure to accommodate under the ADA because Plaintiff has not alleged her accommodation was related to her disability. [Doc. No. 7 at 19–20]. Defendants argue that Plaintiff's claimed accommodation, working Mondays through Thursdays, was unrelated to her disability and instead was related to taking her aunt to medical appointments on Fridays. [*Id.*].

The Court construes Plaintiff's allegations as stating her work schedule was part of the accommodations for her disability. *See Peterson*, 594 F.3d at 727 (explaining that

---

[5] Moreover, beyond the adverse employment actions challenged by Defendants in their Motion, Plaintiff stated other grounds for adverse employment actions in her complaint.

when considering a motion to dismiss courts must take well-pled factual allegations as true and construe them in the light most favorable to the non-moving party). Plaintiff alleges she had a certain work schedule to accommodate her disability, and that work schedule was later memorialized in a formal accommodation. [*See* Doc. No. 1-1 at 1, Doc. No. 1-3 at 1].

Plaintiff states "[o]n my medical accommodation, #1 acknowledges my work schedule, being a 4-day 10-hour work day." [Doc. No. 1-1 at 1]. This clearly alleges Plaintiff's work schedule is to accommodate her disability. And Plaintiff's medical accommodation form does reference her work schedule, although it does not unequivocally state the work schedule is part of her formal accommodation. [Doc. No. 13-1 at 1].

Additionally, Plaintiff states in her complaint that she scheduled her aunt's treatment because her schedule already was Mondays through Thursdays, not that she requested that schedule to accommodate her aunt. [Doc. No. 1-1 at 1 (alleging that "[i]n September of 2017 my aunt was diagnosed with multiple myeloma and began aggressive treatment. Because I was already off on Fridays, the oncologist built her treatment schedule around my work schedule, so every Friday, we were en route to treatment.")]. At a later stage of the case, Defendants may illustrate that Plaintiff's work schedule was not in fact part of the accommodations she received for her disability. However, taken in the light most favorable to Plaintiff, Plaintiff has stated facts that, if true, support that Defendants failed to accommodate her disability. *See Peterson*, 594 F.3d at 727.

Thus, the Court rejects Defendants' asserted basis to dismiss Plaintiff's failure to accommodate claim under the ADA.

### E.    Plaintiff has failed to state a hostile work environment claim.

Defendants argue Plaintiff has failed to state a hostile work environment claim based on either Title VII, the ADA, or the ADEA because Plaintiff has not sufficiently alleged harassing behavior. [Doc. No. 7 at 20–22].

"To state a hostile work environment claim under Title VII, a plaintiff must, among other things, plead facts sufficient to show that the work environment 'is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"[6] *Brown v. LaFerry's LP Gas Co.*, 708 F. App'x 518, 520 (10th Cir. 2017) (unpublished) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotation marks and citations omitted)). In pleading a hostile work environment claim, Plaintiff must allege facts that the work environment is "both subjectively and objectively hostile or abusive." *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1222 (10th Cir. 2015) (emphasis omitted). "[F]acially neutral abusive conduct can support a finding of

---

[6] The Court analyzes Plaintiff's hostile work environment claims under the rubric of a Title VII claim because the only specific incident of overtly discriminatory conduct is based upon race. However, the Court notes that the standards for hostile work environment claims based on age and disability are the same as claims under Title VII. *See, e.g.*, *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005), *abrogated on other grounds by Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166 (10th Cir. 2018), (applying Title VII hostile environment standard to hostile work environment claim based on age); *Schlecht v. Lockheed Martin Corp.*, 626 F. App'x 775, 779 (10th Cir. 2015) (unpublished) (applying Title VII standard to hostile work environment based on disability).

racial animus sufficient to sustain a hostile work environment claim when that conduct is viewed in the context of other, overtly racially-discriminatory conduct." *Id.* at 1224 (brackets omitted).

As applied to this case, Plaintiff has not alleged adequate discriminatory conduct to support hostile work environment claims. The allegations asserted by Plaintiff outline facially neutral conduct or, in other words, conduct by Defendants that is not explicitly discriminatory. Plaintiff alleges she experienced unfavorable conditions at work, including a final, written warning; a schedule change; requests to carry out work not in accordance with company policy; increased scrutiny of her work; and requiring Plaintiff to not work outside of her schedule without approval. [*See* Doc. No. 1-1 at 1]. However, all of the foregoing seemingly relate to job performance, and Plaintiff does not allege facts supporting discriminatory intent. Although facially neutral conduct can support a finding of racial, age, or disability-related animus, that conduct must have occurred in conjunction with overtly discriminatory conduct. *See Lounds*, 812 F.3d at 1224.

The only allegation of discriminatory conduct contained in Plaintiff's complaint is one reference to an "angry racial comment" made by Long. [Doc. No. 13-5 at 1]. This single allegation of overtly discriminatory conduct is not sufficiently pervasive or severe to sustain a finding of a hostile work environment. *See Throupe v. Univ. of Denver*, 988 F.3d 1243, 1252 (10th Cir. 2021) (stating that "[p]roof of either severity or pervasiveness can serve as an independent ground to sustain a hostile work environment claim"). "A plaintiff does not make a showing of a pervasively hostile work environment 'by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs. Instead,

17

there must be a steady barrage of opprobrious racial comments.'" *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007) (quoting *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005)).

Accordingly, the Court concludes Plaintiff has not alleged adequate discriminatory conduct to support claims for hostile work environment under Title VII, the ADA, or the ADEA.

**F.     Plaintiff fails to state claims under Title VII, the ADA, or the ADEA against Defendant Long.**

Lastly, Defendants argue the Court should dismiss Plaintiff's Title VII, ADA, and ADEA claims against Long because those statutes do not provide for individual liability. [Doc. No. 7 at 22–23]. "The ADA, Title VII, and the ADEA all prohibit discrimination by employers on a variety of grounds." *Butler v. City of Prairie Vill.*, 172 F.3d 736, 744 (10th Cir. 1999) (citing respective statutory provisions).

The Tenth Circuit has determined that personal capacity suits cannot be maintained against individual supervisors who do not qualify as employers under the respective statutory schemes. *See id.* (holding individuals cannot be sued in the personal capacity under the ADA); *see also Fuller v. Dep't of Child. & Fams.*, 805 F. App'x 601, 604–05 (10th Cir. 2020) (per curiam) (unpublished) (affirming district court's dismissal of claims against employees in their individual capacities under the ADEA); *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (concluding that "personal capacity suits against individual supervisors are inappropriate under Title VII"). This is the case

whether the suit is against an individual in her personal capacity or in her capacity as a supervisor. *Fuller*, 805 F. App'x at 604–05.

The Court, therefore, dismisses Plaintiff's claims against Long to the extent they arise under Title VII, the ADA, and the ADEA. The Court dismisses these claims with prejudice because amendment of those claims as to Defendant Long would be futile.

## IV.    <u>CONCLUSION</u>

For the above reasons, the Court grants in part and denies in part Defendants' Motion. The Court grants Defendants' motion to dismiss Plaintiff's Title VII claims based upon gender and ADEA claims for failure to exhaust her administrative remedies, and Plaintiff's hostile work environment claims. The Court also grants Defendants' motion to dismiss Plaintiff's claims against Long. The Court denies Defendants' motion to dismiss for failure to comply with Rule 8. The Court also denies, under Rule 12(b)(6), Defendants' requests to dismiss Plaintiff's failure to accommodate claim and Plaintiff's discrimination and retaliation claims for failure to plead facts establishing adverse employment action.

Accordingly, the Court dismisses Plaintiff's Title VII gender discrimination and retaliation claims, Plaintiff's ADEA claims, and Plaintiff's hostile work environment claims without prejudice. The Court dismisses all Plaintiff's claims against Long with prejudice.

Plaintiff's remaining claims against Defendant OGE include Plaintiff's Title VII racial discrimination and/or retaliation claims, Plaintiff's ADA discrimination and/or retaliation claims, and Plaintiff's failure to accommodate claim.

IT IS SO ORDERED this 12th day of March 2025.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE